UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAURIE YOUNG,

                    Petitioner,

                                        MEMORANDUM & ORDER
          -against-                     12-CV-6114(JS)

SABINA KAPLAN, SUPERINTENDENT,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Laurie Young, pro se
                    09-G-0835
                    Bedford Hills Correctional Facility
                    247 Harris Road
                    P.O. Box 1000
                    Bedford Hills, NY 10507

For Respondent:     Grazia R. DiVincenzo, Esq.
                    Suffolk County District Attorney's Office
                    200 Center Drive
                    Riverhead, NY 11901

SEYBERT, District Judge:

          Before the Court is pro se petitioner Laurie Young's

("Young" or "Petitioner") application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   For the following reasons, the

Petition is DENIED.

                            BACKGROUND

          In November of 2008, Petitioner was arrested and charged

under Suffolk County Indictment No. 3087-08 with Murder in the

Second Degree and Manslaughter in the First Degree.   (Resp't's

Ans., Docket Entry 13, ¶ 4.)   The charges arose out of the death

of Petitioner's mother, a seventy-five year old, who died of

multiple fractures in November of 2008 while in Petitioner's care. (Resp't's Ans. ¶ 4). On August 17, 2009, in Suffolk County Court, Petitioner pleaded guilty to Manslaughter in the First Degree in satisfaction of the Indictment, and under the premise that Petitioner would receive a sentence of 18 years of imprisonment with five years of post-release supervision. (Resp't's Ans. ¶ 4.) Petitioner waived the right to appeal her conviction as part of her plea agreement. (Plea Tr.,[1] 7:17-24.)

Before the court would accept Petitioner's plea, the court asked Petitioner a number of standard plea agreement questions. For example, the court asked Petitioner if she had committed the crime to which she was pleading guilty. Petitioner affirmed that she had. (Plea. Tr. 9:24-10:9.) The court also informed Petitioner that by pleading guilty, she relinquished certain constitutional rights, (Plea Tr. 5:16-7:9), and told Petitioner that the court wanted to ensure that Petitioner was pleading guilty "voluntarily and of [her] own free will." (Plea Tr. 8:23.) Petitioner acknowledged and affirmed that she was giving up her constitutional rights, _inter alia_, her right to a trial, the prosecution proving her guilt beyond a reasonable doubt, her lawyer cross-examining witnesses, and her right to raise any possible defenses against the charges. (Plea Tr. 5:23-9:4.)

---

[1] Plea Transcript can be found at Docket Entry 13-2, pages 19-29.

Petitioner also acknowledged that she wanted to enter a plea of guilty to Manslaughter in the First Degree and that she had been given enough time to speak with her attorney and that she was satisfied with his representation. (Plea Tr. 4:19-5:7.)

During Petitioner's factual allocution, Petitioner, forty-years old at the time, admitted that while she was at home with her mother between November 12, 2008 and November 13, 2008, she kicked her mother from behind and pulled her mother's arm in a forceful manner more than once, intending to cause her serious physical injury. (Resp't's Ans. ¶ 8; Plea Tr. 9:8-10:9.)

Prior to sentencing, Petitioner was interviewed for a pre-sentence report. During the pre-sentence investigation, Petitioner admitted that she kicked her mother in the buttocks because her mother had difficulty making room in the cabinets for some groceries. According to Petitioner, after the incident she got her mother into bed, and the next morning, discovered that her mother was dead. (Resp't's Ans. ¶ 9.)

On September 14, 2009, Petitioner and her attorney appeared at the sentencing and Petitioner expressed remorse for her actions. (Resp't's Ans. ¶ 10.) Petitioner stated that if she could have "a second chance to do it differently," she would take back what she had done. (Sent'g Tr.,[2] 5:22-25.) The court then

---

[2] Sentencing Transcript can be found at Docket Entry 13-2 pages 30-37.

sentenced Petitioner to a determinate term of eighteen years incarceration plus five years of post-release supervision. (Sent'g Tr. 7:3-9.)

Petitioner appealed the conviction to the New York Appellate Division, Second Department, represented by assigned counsel. (Resp't's Ans. ¶ 11.) Petitioner argued that her conviction should be reversed because of "factual scarcity" in her plea allocution with respect to the element of intent to cause serious physical injury. (Appellant's Br., Docket Entry 13-2, at 8; Resp't's Ans. ¶ 11.) Petitioner also argued that her statements in her pre-sentence investigation report suggested "a spontaneity of conduct at odds with a designed purpose on [her] part to inflict serious physical harm to her mother." (Appellant's Br. at 8; see also Resp't's Ans. ¶ 11.) Additionally, Petitioner filed an application to submit a pro se supplemental brief, which the Appellate Division approved but then deemed withdrawn, upon Petitioner's request. (Resp't's Ans. ¶ 12.)

On October 18, 2011, the Appellate Division affirmed the judgment of conviction. (People v. Young, 88 A.D.3d 918, 931 N.Y.S.2d 235 (2d Dep't 2011).) The Appellate Division specifically held that the Petitioner's challenge to the factual sufficiency of her plea allocution was unpreserved for appellate review. (Young, 88 A.D.3d at 918, 931 N.Y.S.2d at 235.) The Appellate Division further held that the facts admitted by her during her plea

allocution were sufficient to support her guilty plea.  (<u>Young</u>, 88
A.D.3d at 918, 931 N.Y.S.2d at 235.)

Following the Appellate Division's affirmance,
Petitioner sought leave to appeal to the New York Court of Appeals.
(Pet., Docket Entry 1,[3] at 2.)  On March 26, 2012, the Court of
Appeals denied Petitioner's leave to appeal.  <u>People v. Young</u>, 18
N.Y.3d 964, 967 N.E.2d 717, 944 N.Y.S.2d 492 (N.Y. 2012).

Ultimately, on November 27, 2012, Petitioner filed this
application for writ of habeas corpus.  She seeks a writ on the
grounds that: (1) her factual allocution at her guilty plea
proceeding when coupled with the information contained in her pre-
sentence report cast doubt on her guilt and that the trial court
erred when it failed to conduct further inquiry at the plea
proceeding, which constituted reversible error (Pet. at 5); (2)
she received ineffective assistance of counsel from her trial
attorney because he failed to raise as an issue that the victim
had past injuries from a car accident occurring in 2002 (Pet. at
17); (3) she received ineffective assistance of counsel from her
appellate attorney because he failed to allege that the People's
appellate brief misrepresented that during the pre-sentence
investigation Petitioner stated that after kicking her mother she
got her mother into bed with the help of her son, Petitioner

---

[3] Page numbers for the Petition are those generated by the
Electronic Case Filing System.

contends that her son did not help get her mother into bed (Pet. at 20); and (4) her trial attorney did not raise as an issue that Petitioner had a severe back condition as a result of 1999 injury, from which she still suffers (Pet. at 30).

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I. Standard of Review

A. AEDPA

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court. Herrara v. Collins, 506 U.S. 390, 401, 113 S. Ct. 853, 861, 122 L. Ed. 2d 203 (1993). Rather, a state prisoner seeking habeas relief under Section 2254 must show that he is "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). "[T]he petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides, in part, that:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> with respect to any claim that was not
> adjudicated on the merits in State court

> proceedings unless the adjudication of the
> claim--(1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established [f]ederal
> law, as determined by the Supreme Court of the
> United States.

28 U.S.C. § 2254(d)(1).

As the Second Circuit noted in Jones v. Stinson, 229 F.3d 112 (2d Cir. 2000), the Supreme Court has "construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'" Jones, at 119. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts." Id. at 413. This standard does not require that reasonable jurists all agree that the state court was wrong. Id. at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

The Section 2254(d) standard is "difficult to meet" for two reasons. White v. Woodall, 134 S. Ct. 1697, 1701, 188 L. Ed. 2d 698 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013))). First, the term "'[c]learly established Federal law'" applies only to "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Id. at 1702 (quoting Howes v. Fields, 132 S. Ct. 1181, 1187, 182 L. Ed. 2d 17 (2012)). Second, because "an 'unreasonable application of' those holdings must be 'objectively unreasonable,' not merely wrong[,] even 'clear error' will not suffice." Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003)). Thus, "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011) (alteration in original)).

Section 2254(d)(2) further authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

However, to the extent that a habeas petition challenges factual findings, Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

Although Section 2254 imposes a highly deferential standard of review, it does not require blind deference to every state court decision. "If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Williams, 529 U.S. at 389.

Additionally, Petitioner bears the burden to establish, by a preponderance of evidence, that her constitutional rights have been violated. Hawkins v. Costello, 460 F.3d 238, 246 (2d Cir. 2006); see also Bonner v. Ercole, 409 F. App'x 437, 438 (2d Cir. 2011). However, because she is proceeding pro se, Petitioner's submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted)). The Court will liberally construe the petition and interpret it "'to raise the strongest

9

arguments that [it] suggests[s].'" _See, e.g., Kirkland v. Cablevision Sys._, 760 F.3d 223, 224 (2d Cir. 2014) (quoting _Burgos v. Hopkins_, 14 F.3d 787, 790 (2d Cir. 1994)). _Pro se_ status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." _Traguth v. Zuck_, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## II.  Ground One: Challenge to the Trial Court's Acceptance of the Plea

### A.  Procedural Bar

As the Supreme Court has set forth, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." _Martinez v. Ryan_, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012). For this reason, under the doctrine of procedural default, a federal court will not review "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. _Id._ When a petitioner has failed to raise a particular claim to the state court and would be precluded from raising it now because of a state procedural rule, the claim is deemed to be procedurally defaulted. _Coleman v. Thompson_, 501

U.S. 722, 731-32, 11 S. Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991).

Procedurally defaulted claims may not be heard unless the petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law." Id. at 750. The procedural bar applies even if the state court addressed the merits of the claim in the alternative. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Angeles v. Greiner, 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003). In this regard, even if the appellate court rejects the claim as unpreserved and then, in the alternative, notes that if it had reviewed the merits it would have rejected the claim, the ruling is deemed, for this purpose, to have rested on the state-law procedural ground. See Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007) ("Even where the state court has ruled on the merits of a federal claim, 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default.") (citing Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005); cf., e.g., Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (state court's "contingent observation" is not an "adjudication on the merits" for purposes of habeas review (internal quotation marks and citation omitted)).

Once a petitioner has demonstrated that the state court relied on an independent and adequate ground, it is incumbent upon him to meet one of two recognized exceptions. The petitioner may

overcome his procedural default by either "demonstrate[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or [establishing] that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

To demonstrate cause, petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," for example, by showing that the factual or legal basis for a claim was not reasonably available to counsel or that "'some interference by officials . . . made compliance impracticable.'" Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986) (citing Reed v. Ross, 468 U.S. 1, 16, 104 S. Ct. 2901, 2910, 82 L. Ed. 2d 1 (1984), and quoting Brown v. Allen, 344 U.S. 443, 486, 73 S. Ct. 397, 422, 97 L. Ed. 469 (1953)). A petitioner may also satisfy the cause requirement by demonstrating that the failure of his attorney to comply with state procedural rules denied him constitutionally adequate representation. See Restrepo v. Kelly, 178 F.3d 634, 640-41 (2d Cir. 1999). He cannot invoke this ground, however, unless he first asserted an equivalent independent Sixth Amendment claim in state court and exhausted his state-court remedies with respect to that claim. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451-52, 120 S. Ct. 1587, 1591, 146 L. Ed. 2d 518 (2000). In any event,

it bears emphasis that "[a] defense counsel's ineffectiveness in failing to preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel." Aparacio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (citing Edwards, 529 U.S. at 451, 120 S. Ct. at 1591).

If a petitioner is unable to show cause and prejudice, his procedural default may only be excused if he can show that a fundamental miscarriage of justice would result from a failure to hear the claim on the merits, i.e., "that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321, 115 S. Ct. 851, 864, 130 L. Ed. 2d 88 (1995)).

In her first claim, Petitioner alleges that the trial court should have conducted further inquiry at the plea proceeding because her plea allocution coupled with her pre-sentence report statements were inconsistent with an intent to cause serious physical injury. (Pet. at 5.) In this case, the last-reasoned state court decision is that of the Appellate Division, and it is clear from the face of that decision that the court rejected, as unpreserved, the claim that Petitioner sought to raise in connection with the trial court's inquiry at the plea proceeding. See Young, 88 A.D.3d at 918, 931 N.Y.S.2d at 235. Thus, lack of

preservation constitutes a state-law procedural ground for the state court's rejection of this claim. See, e.g., Guilty v. Ercole, No. 07-CV-0728, 2007 WL 3284694, at *7-8 (S.D.N.Y. Nov. 6, 2007) (holding that "the Appellate Division's decision that [p]etitioner's remaining contentions were 'unpreserved' [was] sufficient to establish that it was relying on a procedural bar as an independent ground in disposing the issue") (citing Harris v. Reed, 489 U.S. 255, 265, 109 S. Ct. 1038, 1044-45, 103 L. Ed. 2d 308 (1989)). Therefore, Petitioner's claim is procedurally barred from federal habeas review, and this Court may only consider the claim if Petitioner is able to overcome the procedural bar.

In this instance, Petitioner has neither asserted "cause" for her procedural default nor demonstrated the requisite "prejudice." Nor has Petitioner shown any probability that this Court's failure to review her claim would result in a fundamental miscarriage of justice, as she has offered no new evidence, scientific or otherwise, showing her actual innocence.

Finally, because Petitioner has not presented an ineffective assistance of counsel claim to the state courts, Petitioner is barred from relying on it to establish cause for her procedural default. Accordingly, Ground One of the Petition is DENIED.

III. <u>Ground Two: Petitioner's Remaining Claims are Unexhausted</u>

    A.   <u>Exhaustion</u>

          Under 28 U.S.C. § 2254, as amended by the AEDPA, a federal court may not grant habeas relief unless the petitioner has first exhausted his claims in state court. <u>See</u> 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); <u>id.</u> § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by an available procedure, the question presented."); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 199 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is grounded in principles of comity and federalism. <u>O'Sullivan</u>, 526 U.S. at 844 ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the

first opportunity to review this claim and provide any necessary relief.") (citations omitted).

Exhaustion "requires that the prisoner 'fairly present' his constitutional claim to the state courts, which he accomplishes 'by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005)). "While 'a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson, 763 F.3d at 133 (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)). A petitioner may sufficiently alert the state court to the nature of his constitutional claim by citing to a specific constitutional provision. Ramirez v. Attorney Gen. of N.Y., 280 F.3d 87, 94-95 (2d Cir. 2001). However, a petitioner may not merely "make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 153, 116 S. Ct. 2074, 2076, 135 L. Ed. 2d 457 (1996) (citations omitted) (holding that a general appeal to a "broad federal due process right" was insufficient to meet the exhaustion requirement without a "more particular analysis" of the specific claim based on the

16

relevant constitutional law (citation omitted)); see also Smith v. Duncan, 411 F.3d 340, 349 (2d Cir. 2005) ("'The greatest difficulty arises when in the state court the petitioner has described his claim in very broad terms, such as denial of a fair trial.'") (quoting Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 193 (2d Cir. 1982)).

A petitioner may also fairly present his claim to a state court by:

> "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."

Carvajal, 633 F.3d at 104 (quoting Daye, 696 F.2d at 194). In this analysis, the critical question is whether the legal doctrines asserted in the state and federal courts are substantially the same, such that the court would have been on notice of the constitutional nature of the claim, even if it was argued primarily on state law grounds. Smith, 411 F.3d at 349-50; Daye, 696 F.2d at 192. A federal claim is not fairly presented for the purposes of habeas exhaustion when the state-law claim raised in state court is "no more than somewhat similar" to a claim for relief grounded

in federal law.  <u>Smith</u>, 411 F.3d at 350 (citing <u>Jackson v. Edwards</u>, 404 F.3d 612, 619 (2d Cir. 2005).

Petitioner's remaining three claims are unexhausted such that they cannot be properly considered on habeas review: (1) Petitioner received ineffective assistance of counsel from her trial attorney because he failed to raise an issue that the victim had past injuries; (2) Petitioner received ineffective assistance of counsel from her appellate attorney because he failed to point out a misrepresentation in the prosecution's appellate brief; and (3) Petitioner's trial attorney failed to raise as an issue that Petitioner suffers from a back condition.

An examination of the Appellate Division briefs reflects that no claims were raised regarding Petitioner's ineffective assistance of counsel or back condition, thus, they are unexhausted.  However, Petitioner still has the opportunity to exhaust these claims in state court as there are no facts to suggest these unexhausted claims are procedurally barred. Nonetheless, the Court may still deny Petitioner's claim on the merits because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

B.   Ineffective Assistance of Counsel

Petitioner bears the burden of persuasion to demonstrate that his counsel's performance was so inadequate as to violate the Sixth Amendment right to assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 696, 104 S. Ct. 2052, 2069, 80 L. Ed. 2d 674 (1984).  To prevail, Petitioner must show both (1) " that counsel's representation fell below an objective standard of reasonableness," id. at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" id. at 694.

The first prong requires a showing that counsel's performance was deficient.  Constitutionally effective counsel embraces a "'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 690, 104 S. Ct. at 2052).  The Court examines the reasonableness of counsel's actions under all of the circumstances, keeping in minds that "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'"  Id. at 319 (quoting Rompilla v. Beard, 545 U.S. 374, 408, 125 S. Ct. 2456, 2478, 162 L. Ed. 2d 360 (2005)).

The second prong focuses on prejudice to the Petitioner. The Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability" means that the errors were of a magnitude such that it "'undermines confidence in the outcome'" of the proceeding. Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2052). A habeas petitioner bears the burden of establishing both deficient performance and prejudice. See United States v. Birkin, 366 F.3d 95, 100 (2d Cir. 2004).

The AEDPA requires federal courts engaging in habeas review to grant state courts substantial "deference and latitude" when considering an ineffective assistance of counsel claim. Harrington v. Richter, 562 U.S. 86, 101, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011). Federal review of a state court's rejection of an ineffective assistance of counsel claim is "doubly deferential" and is subject to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Knowles v. Mirzayance, 556 U.S. 111, 123-24, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009) (internal quotation marks and citation omitted).

When seeking federal habeas relief on a claim of ineffective assistance that previously was denied by a state court

either on direct appeal or through collateral attack, a petitioner must do more than convince the court that, in its independent judgment, the state court incorrectly applied the standard for ineffective assistance of counsel set forth in Strickland. See Bell v. Cone, 535 U.S. 685, 699, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002) (citation omitted). Rather, Petitioner must demonstrate that the state court applied Strickland in an objectively unreasonable manner. See Williams, 529 U.S. at 411; Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (holding that the unreasonable manner standard requires "[s]ome increment of incorrectness beyond error," but "the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.") (alteration in original) (citing Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)).

Here, Petitioner's claims are meritless. The general rule is "'undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation have consistently been held insufficient to satisfy either Strickland prong.'" Powers v. Lord, 462 F. Supp. 2d 371, 381 (W.D.N.Y. 2006) (citing Polanco v. United States, No. 99-CV-5739, 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000)); see also Lamberti v. United States, No. 95-CV-1557, 1998 WL 118172, at *2 (S.D.N.Y. Mar. 13, 1998) (rejecting Sixth Amendment claim based investigate or communicate

with petitioner as "vague and conclusory. [The allegations] do not identify counsel's asserted failings with any specificity or show how any different conduct might have changed the result. Such allegations cannot sustain a petition for habeas corpus.").

Petitioner's ineffective assistance of counsel claims are at best conclusory, since Petitioner fails to shed any light as to how, if included, any of the information would have been helpful to her case. Because Petitioner's claims are simply too vague and conclusory to state a proper ground for habeas relief under either Strickland prong, they must be dismissed as meritless. See Powers, 462 F. Supp. 2d at 382. Accordingly, Grounds Two, Three, and Four of the Petition, specifically Petitioner's ineffective assistance of counsel claims, are DENIED.

CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     September  28 , 2015
           Central Islip, New York